# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-00476-AB-SSC | Date: | February 6, 2026 |

| | |
|---|---|
| Title: | *Ashish Solanki v. Kristi Noem et al* |

**Present: The Honorable   ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. Nos. 4, 10]**

On February 3, 2026, Petitioner Ashish Solanki ("Petitioner") filed a Petition for Habeas Corpus ("Petition," Dkt. No. 1) challenging his immigration detention at the Adelanto Processing Center. Also on February 3, Petitioner filed an Emergency Application for Temporary Restraining Order ("TRO Application," Dkt. No. 4).

On February 4, the Court issued an Order noting several procedural defects with the TRO Application and ordering Petitioner to correct them. *See* Order (Dkt. No. 7). On February 5, Petitioner filed a Second TRO Application that is substantively the same as the first one, but with the procedural defects remedied. *See* Second TRO Appl. (Dkt. No. 10). Because the TRO Applications are substantively the same, the Court treats them as a single Application.

On February 4, the Court also entered an order observing that Respondents were served with Petitioner's Petition and TRO Application pursuant to Appendix

C of the Local Civil Rules. The Court further ordered that if Respondents wished to respond to the TRO, they must do so by February 6, 2026, at 10:00 .a.m. *See* Order (Dkt. No. 8). On February 6, at 9:44 a.m., Respondents timely filed a Response. *See* Response (Dkt. No. 13).

Respondents' Response acknowledges that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), in which the district court granted declaratory relief to members of the class. Respondents also referred the Court to Dkt. No. 103 in that case for their position on how the judgment in *Bautista* impacts class members. Respondents also state that should the Court grant Petitioner's TRO Application, the order should be consistent with the other orders of this Court granting such relief. The Court acknowledges Respondents' candid Response.

Petitioner alleges that he is a citizen of India, that he entered the United States on January 18, 2024, that he was placed in immigration removal proceedings, and that on January 20, 2024 he was released from custody with an order to appear before an immigration judge on June 25, 2024, to show why he should not be removed. *See* Pet. ¶¶ 8-11, Ex. C. About two weeks later, Petitioner filed a Form I-598, Application for Asylum and for Withholding of Removal. *See* Pet. ¶ 13. Since then, Petitioner has complied with all conditions of his release, including checking in with ICE and uploading selfies when notified that he must do so. See Solanki Decl. ¶¶ 3-7. On December 11, 2025, while Petitioner was on his way to work, he was detained by ICE officers, and then eventually transferred to Adelanto Detention Center. Pet. ¶ 16, Solanki Decl. ¶¶ 8-17. Petitioner requested a bond hearing, but on January 23, 2026, the immigration judge found they have no jurisdiction to order a bond. Pet. ¶ 17. Petitioner remains detained at Adelanto. Pet. ¶ 1.

Upon review of the Petition and the TRO Application, this case presents the same issues that this Court has resolved several times before in the petitioners' favor. *See, e.g., Miguel Santiago Flores v. Kristi Noem*, No. 5:25-cv-02490-AB-AJR, Dkt. No. 8 (C.D. Cal. Sept. 29, 2025); *X.R.M. v. Semeti*, No. 5:25-cv-02783-AB-PVC, Dkt. No. 9 (C.D. Cal. Oct. 24, 2025); *Benigno Gonzalez Ponce v. Todd Lyons*, Case No. 2:25-cv-10493-AB-PVC, Dkt. No. 10 (C.D. Cal. Nov. 7, 2025); *Abel Mani Tlahuel v. Fereti Semaia et al.*, 2:25-cv-10878-AB-PVC, Dkt. No. 6 (C.D. Cal. Nov. 14, 2025).

     For the reasons that the Court set forth in the above orders, the Court reaches the same conclusion again: that Petitioner is entitled to an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). And the Court again concludes that Petitioner's continued detention without a bond hearing entitles him to a TRO because he has satisfied the test for a TRO: he has shown a likelihood of success on the merits of his claim that he is entitled to a bond hearing, that his continued detention in ICE custody without a bond hearing constitutes irreparable harm, and that both the balance of the equities and the public interest weigh heavily in Petitioner's favor given Respondents' violation of federal law. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted) and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (stating TRO test). The Court will not repeat that reasoning here as Respondents are fully informed of it from numerous recent orders of this Court and other courts around the country. The Court will also grant the same relief it has before, and declines to require a bond.

     The Court therefore **GRANTS** Petitioner's Application for a TRO (Dkt. Nos. 4, 10) and **ORDERS**:

1. Respondents must provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), **by Friday, February 13, 2026**.

2. Petitioner and Respondents must file a status report on the individualized bond hearing **by Tuesday, February 17, 2026**.

3. Respondents are further ordered to show cause, in person, **on Friday, February 20, 2026, at 10:00 a.m.**, why a preliminary injunction should not issue.

4. This Order will be in effect for a period of fourteen (14) days from entry hereof, after which it will expire absent further order of the Court.

5. Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court.

    **IT IS SO ORDERED**.